IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLEARWATER ENTERPRISES, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-23-46-R |
| | ) |
| LEGGETT & PLATT, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Clearwater's Motion to Dismiss Leggett & Platt's Counterclaims [Doc. No. 12]. The matter is fully briefed and at issue [Doc. Nos. 15, 16].

## BACKGROUND

In mid-February 2021, a weather event known as winter storm Uri caused record-breaking snow, ice, and freezing temperatures across several southern states. It also indirectly caused the contract dispute that forms the basis of this lawsuit.

Prior to the storm, the parties entered into a contract providing that Clearwater would procure and Leggett & Platt would purchase a certain amount of natural gas. The natural gas procured by Clearwater is delivered to Spire Missouri, Inc., where it is pooled with gas for other customers and then eventually delivered to Leggett & Platt. When winter storm Uri hit, Clearwater's natural gas supply was impaired and it was unable to deliver enough gas to Spire to satisfy the demands of its customers. The imbalance between the gas supplied and the gas consumed led to Spire assessing a penalty against Clearwater. Clearwater subsequently invoiced its customers for their pro rata share of the Spire penalty,

1

including an invoice to Leggett & Platt for $480,805.84. This lawsuit concerns whether Leggett & Platt is responsible for payment of this penalty.

Clearwater asserts two claims in its Complaint: (1) a request for entry of a declaratory judgment that winter storm Uri constitutes a Force Majeure event under the contract such that Clearwater's performance was excused and that Leggett & Platt is liable for the penalty under the contract as an imbalance/cash-out penalty; and (2) breach of contract based on Leggett & Platt's failure to pay its share of the penalty.

In responding to the Complaint, Leggett & Platt raised several affirmative defenses and asserted three counterclaims: (1) a request for entry of a declaratory judgment that it is not liable for the penalty because the contract requires a causation/liability analysis to determine who is responsible for imbalance charges; (2) breach of contract based on Clearwater's failure to give timely notice of its inability to meet its delivery obligations, failure to supply sufficient natural gas, and refusal to engage in a causation/liability analysis; and (3) negligence for breaching its duty to procure sufficient quantities of natural gas.

Clearwater argues that these counterclaims should be dismissed pursuant to Rule 12(b)(6) or stricken as redundant pursuant to Rule 12(f). Leggett & Platt disputes that the counterclaims are deficient or duplicative.

## DISCUSSION

### A. Declaratory Judgment Counterclaim

Clearwater relies on both Rule 12(b)(6) and Rule 12(f) in seeking dismissal of the declaratory judgment counterclaim. Because Clearwater's primary argument concerns the

redundancy of the counterclaim, as opposed to the sufficiency of the factual allegations, the Court believes the motion is most appropriately analyzed under Rule 12(f). Rule 12(f) provides that a court "may strike from a pleading…any redundant...matter." Although motions to strike are generally disfavored, district courts possess "considerable discretion" in disposing of such motions. *SFF-TIR, LLC v. Stephenson,* 250 F. Supp. 3d 856, 978 (N.D. Okla. 2017) (internal citation and quotation marks omitted). Typically, "a motion to strike that expedites litigation by removing 'unnecessary clutter' should be granted." *Cincinnati Specialty, Underwriters Ins. Co. v. DMH Holdings*, LLC, No. 11-CV-357, 2013 WL 683493, at *3 (N.D. Ind. Feb. 22, 2013) (quoting *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir.1989)).

In that regard, numerous courts have concluded that a "counterclaim for declaratory relief may be dismissed as redundant where 'there is complete identity of factual and legal issues between the complaint and the counterclaim.'" *Principal Life Ins. Co. v. Lawrence Rucker 2007 Ins. Tr.*, 674 F. Supp. 2d 562, 566 (D. Del. 2009) (quoting *Aldens, Inc. v. Packel*, 524 F.2d 38, 51–52 (3d Cir.1975)); *see also Fed. Deposit Ins. Corp. v. Project Dev. Corp.*, 819 F.2d 289 (6th Cir. 1987) (unpublished) (denying leave to amend to add a counterclaim because "when a counterclaim merely restates the issues as a 'mirror image' to the complaint, the counterclaim serves no purpose"); *Cincinnati Specialty*, 2013 WL 683493, at *4  (finding that "a counterclaim for declaratory judgment may be stricken as redundant when the counterclaim restates the issues that are already before the court by virtue of the complaint"); *Essex Ins. Co. v. Johnson's Wreckers & Salvage, Inc.*, No. CIV-12-1312-F, 2013 WL 12370718, at *6 (W.D. Okla. June 28, 2013) (dismissing declaratory

judgment counterclaims because "they mirror [the] complaint and seek adjudication of nothing that will not, of necessity, flow from the adjudication of the merits of [the] complaint"); *Lincoln Nat. Corp. v. Steadfast Ins. Co.*, No. 06-CV-00058, 2006 WL 1660591, at *2 (N.D. Ind. June 9, 2006) (stating that "repetitious and unnecessary pleadings, such as a counterclaim that merely restates an affirmative defense, or which seeks the opposite effect of the complaint, should be stricken regardless of whether prejudice has been shown"). "Dismissal is justified in such cases on the theory that the counterclaim will become moot upon disposition of the complaint." *Principal Life Ins. Co.*, 674 F. Supp. 2d at 566. However, because it can be difficult to determine "whether a declaratory judgment counterclaim is in fact redundant prior to trial," courts should typically only dismiss such counterclaims "when there is no doubt that they will be rendered moot by adjudication of the main action." *Id*.

 Here, the declaratory judgment counterclaim is redundant to the main action. The Complaint seeks a declaratory judgment that Leggett & Platt is responsible for payment of the penalty under the terms of the contract and asserts a breach of contract claim based on Leggett & Platt's failure to pay the penalty. Adjudication of these claims will necessarily involve a determination as to whether the contract relieves Leggett & Platt of liability for the penalty, either because Clearwater is in breach or because the contract's terms place responsibility for the penalty on Clearwater. An adjudication of the Complaint will also require consideration of Leggett & Platt's affirmative defenses, which involve essentially the same contractual provisions and issues as the declaratory judgment counterclaim. Thus, a finding adverse to Clearwater on its claims will grant Leggett & Platt the relief it seeks:

a judgment that Leggett & Platt is not responsible for the penalty and did not breach the contract by failing to pay the penalty. Because the factual and legal issues raised by the declaratory judgment counterclaim are already being litigated via the Complaint, the declaratory judgment counterclaim is dismissed as redundant.

### B.  Breach of Contract and Negligence Counterclaims

Clearwater next argues that Leggett & Platt's breach of contract and negligence counterclaims should be dismissed under Rule 12(b)(6) for failure to state a claim. Dismissal is appropriate under this rule where a pleading fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The fundamental question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted). All well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the plaintiff. *Id.*

Clearwater contends that Leggett & Platt's negligence and breach of contract counterclaims lack facts in support of an essential element – actual injury or damage – because Leggett & Platt has not paid the penalty. Leggett & Platt does not dispute that damage is an essential element of these claims but asserts that it has, in fact, paid a portion of the penalty. In support of this assertion, Leggett & Platt relies on allegations outside the

5

pleadings. Of course, the Court is not permitted to consider these allegations when resolving a motion to dismiss under Rule 12(b)(6).[1] *See Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007). Further, contrary to Leggett & Platt's characterization, it admitted in its Answer that it has "refused to pay the penalty." *See* Answer ¶ 25. Most significantly, Leggett & Platt's counterclaims are premised on Clearwater failing to procure sufficient natural gas and then "attempting" to assess the penalty for this failure against Leggett & Platt, rather than on allegations that Leggett & Platt actually paid the penalty. Counterclaim ¶¶ 24, 29. These allegations fall short of stating a plausible claim for negligence.

To succeed on a negligence claim, a plaintiff must show: "1) a duty owed by the defendant to protect the plaintiff from injury; 2) a failure to perform that duty; and 3) injuries to the plaintiff which are proximately caused by the defendant's failure to exercise the duty of care." *Smith v. City of Stillwater*, 328 P.3d 1192, 1200 (Okla. 2014). The negligence counterclaim is based on Clearwater's breach of its duty to procure sufficient quantities of natural gas, but Leggett & Platt has not included any facts showing that it suffered an injury proximately caused by that breach. Although Leggett & Platt alleges that Clearwater attempted to collect the penalty, Leggett & Platt has not alleged that it paid any portion of the penalty or suffered any harm as a result of Clearwater's attempts. Leggett & Platt has therefore failed to state a plausible negligence claim.

---

[1] Although there are some exceptions to this general rule, none of them apply here.

The lack of allegations showing an actual injury is not, however, an impediment to the breach of contract claim. A breach of contract claim requires a plaintiff to show "(1) formation of a contract; (2) breach of the contract; and (3) damages as a result of that breach." *Morgan v. State Farm Mut. Auto. Ins*. Co., 488 P.3d 743, 748 (Okla. 2021). But importantly, "[a] plaintiff can maintain a breach of contract action to a successful conclusion without proof of actual damages, because nominal damages are all that is required." *Id*. at 750; *see also Parsia, Inc. v. John E. Barbre Tr.,* 500 P.3d 667, 673 (Okla. Civ. App. 2021) ("Minimally, in the event Morad is unable at trial to demonstrate actual damages, a jury should be permitted to consider an award of nominal damages."). Leggett & Platt has alleged facts showing the existence of an enforceable contract and that Clearwater breached that contract by failing to deliver sufficient quantities of natural gas and failing to give timely notice of its inability to meet its delivery obligations. Leggett & Platt has therefore stated a plausible breach of contract claim.

Accordingly, as outlined above, Clearwater's Motion to Dismiss Leggett & Platt's Counterclaims [Doc. No. 12] is GRANTED in part and DENIED in part. Leggett & Platt's counterclaims for declaratory judgment and negligence are dismissed without prejudice.

**IT IS SO ORDERED** this 11th day of May 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE